# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PRISON LEGAL NEWS, a project of the**
**Human Rights Defense Center,**

      **Plaintiff,**

v.                                                                                                        Case No.  11-2497-WEB

**BOARD OF COMMISSIONERS,**
**SHAWNEE COUNTY, KANSAS, et al.,**

      **Defendants.**

## SCHEDULING ORDER

On November 22, 2011, pursuant to Fed. R. Civ. P. 16(b), the court conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel Stephen D. Bonney. Defendant appeared through counsel Ron D. Martinek.

After consultation with the parties, the court enters this scheduling order:

**I.**     **Alternative Dispute Resolution (ADR)**

    a.     Plaintiff has submitted to defendant a good faith proposal to settle the case.  By **December 9, 2011**, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party-plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.  The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

    b.    Settlement may be enhanced by use of mediation. Counsel shall provide the name of an agreed-upon mediator (or other ADR neutral) and the scheduled date of the mediation to the court by **February 3, 2012**. The mediation shall be held no later than **February 22, 2012**, before the mediator chosen by the parties.

    c.    An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the scheduled ADR process (*http://ksd.uscourts.gov/adr-report/*).

**II.   Discovery**

    a.    The parties shall exchange by **December 9, 2011** the information required by Fed. R.Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged by **December 9, 2011**. The parties are reminded that, although Rule 26(a)(1) is now keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party that without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing,

        or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

b. All discovery shall be commenced or served in time to be completed by **March 30, 2012**.

c. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 & 26.3. The parties do not anticipate any discovery issues for the court to resolve at this time.

d. Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows: None

e. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: None

f. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.

g. There shall be no more than 10 depositions by plaintiff and 10 by defendant.

h. Each deposition shall be limited to 7 hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website, *http://ksd.uscourts.gov/deposition-guidelines/).*

i. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **February 13, 2012** and by defendant by **March 1, 2012**. The parties have stipulated that rebuttal experts will not be permitted in this case. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-05,

       *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co. V. Carmichael,* 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

j.    Supplementations of disclosure under Fed. R.Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery

        expires.  Counsel should bear in mind that seldom should anything be included in the final Rule26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

k.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(I), (ii) & (iii).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26 (a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

l.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29: D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(b).

### III.  Motions

a.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **January 31, 2012**.

b.     Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by **February 13, 2012**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **April 30, 2012**.

d.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-05, *Daubert v. Merrell Dow Pharmaceuticals, Inc,* 509 U.S. 579 (1993), *Kumho Tire Co. V. Carmichael,* 526 U.S. 137 (1999), or similar case law, shall be set at the final pretrial conference.

e.     Any motions to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**IV. Others Matters**

a.     The parties agree that principles of comparative fault do not apply to this case.

b.     Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **April 19, 2012 at 10:00 a.m.** in 406 U.S. Courthouse, 401 N. Market, Wichita, Kansas, or by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. The parties shall prepare **one** proposed final pretrial order. No later than

        **April 12, 2012**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect or Microsoft Word) as an attachment to an Internet e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov.* The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*http://ksd.uscourts.gov/pretrial-order/),* and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II© of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

c.    The parties expect the trial of this case to take approximately **five days**. The court will subsequently set the case for trial. The trial setting may be changed only by order of the judge presiding over the trial.

d.    The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e.    The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

f.    Judge Brown has entered a standing order or procedure governing when hard-copies of electronically-filed documents **must** be delivered to chambers. The standing order or procedure can be found on the court's Internet website at: *http://ksd.uscourts.gov/standing-order-pertaining-to-cmecf/.*

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 22nd day of November, 2011, at Wichita, Kansas.

S/ KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge

(Rev. 3/3/08)

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | Done |
| Defendant's settlement counter-proposal | 12/9/2011 |
| Confidential settlement reports to magistrate judge | |
| Identification of agreed-upon mediator or other ADR neutral to magistrate judge | 2/3/2012 |
| ADR process completed | 2/22/2012 |
| Settlement conference with court (if applicable) | at |
| Initial disclosures exchanged | 12/9/2011 |
| All discovery completed | 3/30/2012 |
| Early discovery completed (if applicable) | |
| Experts disclosed by plaintiff | 2/13/2012 |
| Experts disclosed by defendant | 3/1/2012 |
| Rebuttal experts disclosed (if applicable) | |
| Independent medical examinations (if applicable) | |
| Supplementation of disclosures | 40 days before completion of discovery |
| Preliminary witness and exhibit disclosures (if applicable) | |
| Jointly proposed protective order submitted to court (if applicable) | |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to join additional parties or otherwise amend the pleadings | 1/31/2012 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 2/13/2012 |
| All other potentially dispositive motions, e.g., summary judgment, challenges to admissibility of expert testimony, etc. | 4/30/2012 |
| Daubert motions | |
| Comparative fault identification (if applicable) | |
| Status conference (if applicable) | at |
| Final pretrial conference | 4/19/2012 at 10:00 a.m. |
| Proposed pretrial order due | 4/12/2012 |
| *In limine* motions & proposed jury instructions due | |
| *In limine* conference | |
| Trial | |